UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CLIFTON CLINTON WILLIAMS IV**                                              **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:24-CV-302-JHM**

**HARDIN COUNTY DETENTION**                                              **DEFENDANTS**
**CENTER,** *et al.*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Clifton Clinton Williams IV filed the instant *pro se* civil-rights action. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow some claims to proceed.

**I.   BACKGROUND**

Plaintiff was incarcerated as a pretrial detainee at the Hardin County Detention Center ("HCDC"). Plaintiff sues the HCDC, HCDC Jailer J. Cinblon, and HCDC Sgt. E. Lewis. [DN 1]. While Plaintiff did not indicate in what capacity he sues Defendants Cinblon and Lewis, a review of the allegations in the complaint suggests that he is suing them in their individual and official capacities.

Plaintiff alleges that after his return from a court appearance, he "attempted to speak with a guard out of the cell" regarding an alleged "holding bond" from Jefferson County, Kentucky. [*Id.*]. Plaintiff represents that the guard called for backup and then detained him in handcuffs. Plaintiff alleges that he slipped in the hallway due to his sandal and that at that time "Sgt Lewis put on a pair of gloves [and] Officer Stone and the escort guard pulled away from me as I was being tazed by a pair of unsanctioned tazing gloves upon the top left side of my head and face." [*Id.* at 5]. Plaintiff maintains that he was placed into solitary confinement for six days without

medical treatment.  [*Id.*].   Plaintiff alleges that he suffered neurological, vision, and nerve issues.  [*Id.*].

Plaintiff seeks "medical damages" and requests that criminal charges be filed against the officers for the lack of medical treatment.  [*Id.* at 6].

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).   Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  DISCUSSION

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A.  HCDC

HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as detention centers, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Hardin County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against Defendant HCDC as claims brought against Hardin County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019). The Court will therefore dismiss the claims against HCDC for failure to state a claim for which relief can be granted.

### B. Official-Capacity Claims and Hardin County

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against the Defendants' employer, Hardin County.

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. When a § 1983 claim is made against a municipality such as Hardin County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege a policy or custom that was the moving force behind any alleged constitutional violation. Accordingly, the Court will dismiss the claims against Hardin County and Defendants in their official capacities for failure to state a claim upon which relief may be granted.

### C. Individual-Capacity Claims

#### 1. *Excessive Force against Defendant Lewis*

Excessive force claims can be raised under the Fourth, Eighth, and Fourteenth Amendments. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). "Which amendment should be applied depends on the status of the plaintiff at the time of the incident; that is, whether the plaintiff was a free citizen, convicted prisoner, or fit in some gray area in between the two." *Id.* The Fourth Amendment applies to free citizens; the Eighth Amendment applies to convicted persons; and the Fourteenth Amendment applies to pretrial detainees. *Id.* Because Plaintiff indicates that he was a pretrial detainee at the time of the alleged excessive force incident, the Fourteenth Amendment governs the constitutionality of Defendant Lewis's alleged conduct. *See Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010).

Upon review, the Court will allow Plaintiff's § 1983 Fourteenth Amendment excessive-force claim to continue against Defendant Lewis in his individual capacity.

#### 2. *Deliberate Indifference to Medical Needs against Defendant Lewis*

Upon review, the Court finds that the complaint contains sufficient factual matter to state a Fourteenth Amendment claim of deliberate indifference to serious medical needs and will allow this claim to continue against Defendant Lewis in his individual capacity.

#### 3. *Claims against Defendant Jailer Cinblon*

In as much as Plaintiff asserts claims against Defendant Jailer Cinblon based on his supervision of Defendant Lewis and other HCDC staff, the Court notes that the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[L]iability of supervisory personnel must be based

on more than merely the right to control employees." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872–74 (6th Cir. 1982). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff does not indicate that Defendant Jailer Cinblon participated in the excessive-force incident or denial of medical care or witnessed the unconstitutional use of excessive force and failed to intervene. *See Burgess*, 735 F.3d at 475 (emphasis in original) ("An officer is liable for another officer's use of excessive force where the defendant 'observed or had reason to know that excessive force would be or was being used' and 'had both the opportunity and the means to prevent the harm from occurring.'") (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)).

As such, the Court will dismiss the claims against Defendant Jailer Cinblon in his individual capacity for failure to state a claim upon which relief may be granted.

### 4. *Criminal Charges*

It appears upon review of the complaint that Plaintiff requests that criminal charges be brought against Defendants. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*,

11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Therefore, because Plaintiff is a private citizen and cannot bring criminal charges, any such claims must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

(1)   The Court allows Plaintiff's Fourteenth Amendment excessive-force claim and deliberate-indifference-to-medical-need claim to proceed against Defendant Lewis in his individual capacity.   In allowing these claims to proceed, the Court passes no judgment upon their merits or the ultimate outcome of this action.

(2)   Plaintiff's claims against HCDC, all official-capacity claims, and Defendant Cinblon in his individual capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.   Since no claims remain against them, the Clerk of Court is **DIRECTED** to terminate these Defendants as parties to the action.

(3)   The Court will enter a separate Service and Scheduling Order to govern the development of the claims it has allowed to proceed.

Date:   October 21, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.014